IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| INTIME STAFFING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-cv-151-JTA |
| | ) (WO) |
| MEDICAL INDUSTRIES OF THE AMERICAS, INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the court is Plaintiff Intime[1] Staffing, LLC's Motion for Final Summary Judgment. (Doc. No. 39.) For the reasons stated below, the motion will be denied.[2]

From the briefing on summary judgment and the arguments of counsel on the record at the August 5, 2024 oral argument, it is apparent that Defendant Medical Industries of the Americas, Inc. ("MIA") owes money damages to Intime Staffing with respect to payments due under a written staffing agreement and with respect to one or more loans

---

[1] At various points throughout the record, and sometimes in the same document, Plaintiff's name is spelled as "InTime Staffing, LLC," "Intime Staffing," and "INTIME Staffing." The court will use "InTime Staffing" for consistency, except where quoting from a document that uses another spelling of the name. *See Saunders v. Knight*, No. CVF045924RECLJO, 2006 WL 224426, at *1 n.1 (E.D. Cal. Jan. 25, 2006) (recognizing that, while the court was "aware of no authority that prohibits the use of all capital letters," text in all capital letters is harder to read than text that appropriately uses both capital and lower-case letters).

[2] The standard of review on summary judgment is well-established. *See, e.g., Hart v. Suarez*, No. 3:23-CV-137-JTA, 2024 WL 1941682, at **1-2 (M.D. Ala. May 2, 2024) (stating the summary judgment standard of review).

MIA received from InTime Staffing. However, how much is owed and under what theory of recovery are crucial points that have not been sufficiently established to warrant entry of summary judgment.[3] *See Gillaspy v. Wells Fargo Bank, N.A. as Tr. for Park Place Sec., Inc. Asset-Backed Pass-Through Certificates, Series 2005-WCW2*, No. 2:22-CV-193-RAH, 2024 WL 898887, at *5 (M.D. Ala. Mar. 1, 2024) (denying summary judgment on a claim for breach of contract on grounds that "it is not this Court's job to decipher" the record "with little-to-no assistance from the parties, pinpoint missed or late payments … [or] determine when the loan went in or out of default" and explaining that "[t]he Court will not make the parties' arguments for them or sift through voluminous records" for them).

Accordingly, it is ORDERED that the motion for summary judgment (Doc. No. 39) is DENIED.

DONE this 19th day of August, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] For example, at oral argument, InTime's counsel conceded that he was unsure whether some of the unpaid loans for which Plaintiff seeks recovery were instead personal loans from Frank Petrusnek, who managed InTime's staffing contract with MIA. InTime's counsel conceded that InTime does not have standing to recover money Petrusnek personally loaned MIA. In addition, in briefing the unjust enrichment theory and at oral argument, InTime failed to address all the elements of a claim for unjust enrichment. *See Pentagon Fed. Credit Union v. McMahan*, 343 So. 3d 485 (Ala. 2021) (discussing the elements of an unjust enrichment claim); *Mantiply v. Mantiply*, 951 So. 2d 638, 655 (Ala. 2006) (same).